IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
September 6, 2017 Session

**STATE OF TENNESSEE v. TIMOTHY MCKINNEY**

**Appeal from the Criminal Court for Shelby County**
**No. 14-03457       James C. Beasley, Jr., Judge**

──────────────────────────────

**No. W2016-00834-CCA-R3-CD**

──────────────────────────────

THOMAS T. WOODALL, P.J., dissenting.

I respectfully dissent. It is clear that the State committed prosecutorial error three times during closing arguments: (1) argument regarding "adequate provocation," (2) argument regarding a hypothetical of the victim dying, and in so doing misstated the law, and (3) arguments that vouched as to the truth of State witnesses: (a) the victim, (b) Renardo Hibbler, (c) Javier McKissick, and (d) the police officers who worked the case. All of the improper arguments are set forth in the majority opinion.

These arguments violated factors 1, 2, and 3 of *State v. Goltz*, 111 S.W.3d 1, 6 (Tenn. Crim. App. 2003). The Tennessee Rules of Appellate Procedure were adopted in 1979. Tenn. R. App. P. 36(b) provides in part that if errors result in prejudice to the judicial process, after considering the record as a whole, the judgment may be set aside.

This court repeatedly sees erroneous closing arguments by the State. It seems almost amazing, that statewide, improper closing arguments continue to be made over and over again. There is no good excuse for such errors. Repeated findings of "harmless error" after concluding that error occurred have apparently not worked to curtail erroneous arguments. Thus, I conclude that the convictions should be reversed and the cases remanded for a new trial.

I also take the opportunity to state that the description of a prosecutor's error as "unprofessional conduct" should be reexamined. After all, appellate courts in Tennessee, to my knowledge, have not described a trial judge's error as "unprofessional conduct," "judicial misconduct" or other words of similar description. Also, describing a prosecutor's erroneous arguments as unprofessional conduct can be seen by some to raise the bar on what is reversible error. That is, some might conclude that *only* arguments which are so egregious to justify extra-judicial action by the Board of Professional

Conduct of the Supreme Court of Tennessee can justify granting relief to a defendant. Considerations of unprofessional conduct should be the sole responsibility of the Board of Professional Responsibility. Consideration of whether erroneous arguments are made during a trial, and the disposition of the case if there is error, should be made by the appellate court addressing the appeal.

_____

THOMAS T. WOODALL, PRESIDING JUDGE